**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES *ex rel.*<br>HEATHCOTE HOLDINGS CORP., INC.,<br>an Illinois corporation, Relator,<br><br>    Plaintiff,<br><br>    v.<br><br>SUNCAST CORPORATION,<br><br>    Defendant. | No. 11 C 1010<br>Judge James B. Zagel |

**MEMORANDUM OPINION AND ORDER**

    This is a *qui tam* false patent marking action filed by Relator Heathcote Holdings Corp. ("Heathcote") against Defendant Suncast Corporation ("Suncast") pursuant to 35 U.S.C. § 292. Defendant moves to dismiss the complaint on several grounds, including the fact that shortly after this suit was filed Congress passed the Leahy-Smith America Invents Act, H.R. 1249, 112th Cong. (1st Sess. 2011) (AIA). The AIA limits § 292 standing to persons who have suffered competitive injury as a result of false markings, thus eliminating all *qui tam* suits. Plaintiff asks this court to declare Congress's retroactive elimination of pending § 292 *qui tam* actions an unconstitutional taking under the Fifth Amendment's Due Process Clause. For the following reasons, I uphold the constitutionality of Congress's retroactive elimination of pending § 292 actions and grant Defendant's motion to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

    Background

    Defendant is an Illinois corporation that produces outdoor home products. Heathcote alleges that since 2008, Defendant has marked several different models of snow shovels that it

manufactures with stickers indicating that the shovels may be covered by design and utility patents that Defendant knew to be expired, purportedly in violation of 35 U.S.C. § 292. Heathcote filed suit on February 11, 2011, seeking damages and injunctive relief for Defendant's alleged false marking practices. The complaint does not state or otherwise indicate that Heathcote suffered a competitive injury as a result of Defendant's alleged conduct.

Prior to September 16, 2011, 35 U.S.C. § 292(b) provided that "any person" could bring suit for false marking and recover a statutory penalty of up to $500.00 per falsely marked article, with 50 percent of this recovery going to the United States. However, on September 16, 2011, President Obama signed into law the Leahy-Smith America Invents Act ("AIA"). Among other things, the AIA fundamentally altered the § 292 enforcement regime by eliminating *qui tam* actions. Section 16 of the AIA provides in relevant part:

> CIVIL ACTION FOR DAMAGES –
> Subsection (b) of section 292 of title 35, United States Code, is amended to read as follows: "(b) A person who has suffered a competitive injury as a result of a violation of this section may file a civil action in a district court of the United States for recovery of damages adequate to compensate for the injury.
>
> EFFECTIVE DATE – The amendments made by this subsection shall apply to all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act.

Following the passage of the AIA, Defendant immediately filed this motion to dismiss arguing that Heathcote no longer had standing to bring this suit because it had not suffered a competitive injury. Heathcote does not contest that it lacks standing under the AIA amendments to § 292 but asks this Court to declare Congress's retroactive elimination of its claim an unconstitutional taking and allow it to proceed under the pre-AIA enforcement regime.

2

Analysis

Heathcote makes two unremarkable assertions in support of the argument that Section 16 of the AIA is unconstitutional: 1) the partial assignment of the United States' cause of action to "any person" under the pre-AIA § 292 enforcement regime created a property interest; 2) the Federal Circuit repeatedly upheld the pre-AIA § 292 enforcement regime against legal challenge. These undisputed points are utterly unhelpful to Plaintiff's case.

While a cause of action may give rise to protected property interests, these interests are not sacrosanct. Just as Congress permits, Congress may remove through retroactive application of new laws, so long as that application is "justified by a rational legislative purpose." *Pension Ben. Guar. Corp. v. R.A. Gray & Co.*, 467 U.S. 717, 720 (1984). Where legislation is applied retroactively, "the burden is on the one complaining of due process violation to establish that the legislature has acted in an arbitrary and irrational way." *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 15 (1976).

Heathcote argues that statues that provide for *qui tam* actions are entitled to some unspecified form of heightened protection from retroactive abolishment due to their "unique nature." This argument is both legally unsupported and illogical. *Qui tam* relators, by definition, have not suffered injury; their sole purpose is to assist the government with its own enforcement efforts. If Congress determines that such private assistance is no longer necessary, if anything, that decision should be entitled to greater deference than a decision to strip injured parties of the right to bring suit.

Here, as the Federal Circuit and several other district courts have found, Congress plainly had a rational purpose for making the competitive injury standing requirement apply to all

3

pending claims.[1]  "By making the False Marking Act amendments retroactive, Congress was in significant part attempting to reduce the litigation expenditures in the large number of complaints filed, but not yet subject to a final judgment." *Rogers v. Tristar Products*, Nos. 11-1494 and 11-1495, slip op. at 3 (Fed. Cir. May 2, 2012) (per curiam); *see also* 157 Cong. Rec. S5319-03 at S5320 (Sen. Kyl) ("The America Invents Act reins in abuses that are reflected in a recent surge in false marking litigation.  It allows such suits to be brought only by those parties who have actually suffered a competitive injury as a result of false marking.").

Heathcote argues that the legislative record contains insufficient proof to show that Congress acted with a rational basis in eliminating pending § 292 *qui tam* claims.  This argument fails.  Even if the legislative record was totally silent on the matter, Heathcote could not prevail here–the question is not whether Congress created an adequate paper trail, but whether any conceivable rational basis can be inferred.  *See generally Heller v. Doe*, 509 U.S. 312, 320 (1993) (a legislature . . . need not actually articulate at any time the purpose or rationale supporting its classification.").[2]  Heathcote has laid out a number of its disagreements with

---

[1] *Rogers v. Tristar Products*, Nos. 11-1494 and 11-1495, slip op. at 3 (Fed. Cir. May 2, 2012) (per curiam); *Seirus Innovative Accessories, Inc. v. Cabela's Inc.*, 2011 WL 6400630 (S.D. Cal. Oct. 19, 2011); *Brooks v. Dunlop Mfg. Inc.*, 2011 WL 6140912 (N.D.Cal. Dec. 9, 2011); *Public Patents Foundations, Inc. v. McNeil-PPC, Inc.*, 2012 WL 527198 (S.D.N.Y. Feb. 16, 2012); *Cloverleaf Golf Course, Inc. v. FMC Corp.*, 2012 WL 948263 (S.D.Ill. March 20, 2012); *Rogers v. Conair Corp.*, 2012 WL 1443905 (E.D.Pa. Apr. 25, 2012); *Brule Research Associates Team, L.L.C. v. A.O. Smith Corp.*, 2012 WL 2087345 (E.D.Wis. June 8, 2012).

[2] Although *Heller* dealt with rational basis review under the Fourteenth Amendment's Equal Protection Clause, Heathcote has not provided, nor can this court find, any authority to suggest rational basis review in the context of retroactive legislation is a more exacting standard (i.e. imposing some type of evidentiary threshold on the Congressional record).

4

Congress's policy choices but it has not carried its burden of showing Congress acted irrationally in applying the new § 292 enforcement regime to all pending suits. *See Rogers*, slip op. at 3.

Finally, the fact that the Federal Circuit has repeatedly declared § 292's pre-AIA enforcement regime to be lawful is irrelevant. Heathcote, rather astonishingly, asserts "[t]he legitimacy of the retroactive amendments cannot be supported where the United States changed its allegiances by retroactively eliminating Relator's cause of action after it has repeatedly intervened to uphold the constitutionality of Section 292." There are enough errors in this statement that it is difficult to know where to begin. The judiciary's upholding of a law does nothing to prevent the legislature from amending or even abolishing that law down the road. As for "changed allegiances," Congress is free to change its mind over policy determinations at any time. Heathcote's opinions about what is in the best interest of the United States government and complaints about the undue influence of "corporate America" are better suited for a letter to the congressional delegations than a serious constitutional challenge to a federal statute.

Because Heathcote lacks standing to sue under 35 U.S.C. § 292, I need not reach the other issues raised by Defendant's motions to dismiss.

For the foregoing reasons, Defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED.

                                      ENTER:

                                      James B. Zagel
                                      United States District Judge

DATE: July 25, 2012